UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL YOUNG,

    Plaintiff,

v.                                                     Case No. 15-C-702

OUTAGAMIE COUNTY HEALTH AND
HUMAN SERVICES, et al.,

    Defendants.

**DECISION AND ORDER**

In this *pro se* action, Plaintiff alleges (among other things) that the Defendants are denying him the ability to speak to or otherwise communicate with his children. According to the complaint, Plaintiff has not seen his children in several years. The Defendants, who presumably have custody of them, will not let him speak to them. In addition, the complaint details Plaintiff's views on the unfairness of several racial issues and suggests, in broad strokes, that the county criminal justice system was rigged against him.

The Plaintiff seeks leave to proceed *in forma pauperis.* The request to proceed without payment of fees will be granted. Plaintiff's affidavit indicates few assets and a general inability to pay the filing fee.

However, the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2) requires the court to dismiss an action that fails to state a claim upon which relief may be granted. That is the case here. Much of the complaint is a diatribe against broad social trends; it seeks "truth and justice" because

Plaintiff and his children are subjected to a white racist law enforcement system and a social services system that has "kidnapped" his children in order to terrorize them. The allegations involve not only Plaintiff's general views on racial matters, including a distaste for white men who impregnate black women, but also his ability to communicate with his children (e.g., to ask them if they want to join the military), and his own apparent conviction in Outagamie County due to "false imprisonment." The named defendants are two social workers. It is unclear how these two individuals would be expected to respond to the vast majority of the allegations set forth in the complaint.

Although most of the complaint will be dismissed, it does allege that the named defendants are prohibiting the Plaintiff from communicating with his children. It is unclear what circumstances may have led to the children's custody by the county, and the justification for the Defendants' restrictions is not before me. Accordingly, it is impossible, at the pleadings stage, to determine the legality of the alleged restrictions. But, as a general principle, the First Amendment and Due Process Clause encompass the right to communicate and associate with one's own children. Without an understanding of the broader context I cannot find that the allegations are completely meritless. See *Lindell v. Frank,* 377 F.3d 655, 657-58 (7th Cir. 2004) (vacating screening order dismissing prisoner's First Amendment claim because district court prematurely presumed a security justification that would support the prison's actions).

Accordingly, Plaintiff's motion to proceed without payment of fees is **GRANTED**, and the filing fee is waived. His request to appoint counsel is **DENIED**. Any claims against Outagamie County Health and Social Services are **DISMISSED** because no plausible allegation has been made against that entity. The United States Marshal shall serve a copy of the complaint, the summons,

2

and this order upon the two individual defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed in forma pauperis, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**SO ORDERED** this 22nd day of June, 2015.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court